UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ROBERT W. BERARD and GAIL M.
HUDSON,

                        Plaintiffs,

     v.                                                   1:06-CV-891 (LEK/RFT)

THE TOWN OF ROTTERDAM, CHIEF
OF POLICE JAMES J. HAMILTON, SGT.
MIKE BROWN, LT. DOMINICK DAGOSTINO,
OFF. R.J. DENNY, INV. RICHARD DUNSMORE,
OFF. JEFF JACKSON, OFF. PATRICK KEOUGH,
INV. STEVEN W. MANIKAS, OFF. MICHAEL
RUMBAUGH, OFF. DANIEL P. RYAN, INV.
DONALD SCAVIA, and SGT. WILLIAM STONE,

                        Defendants.

**<u>MEMORANDUM-DECISION AND ORDER</u>**

**I.    BACKGROUND**

Plaintiffs commenced the instant action against Defendants on July 24, 2006, asserting various state law claims and violations of First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights arising out of their arrest on July 29, 2005. <u>See</u> Am. Compl. (Dkt. No. 8). By Decision and Order on January 12, 2009, the Court granted Defendants' Motion for summary judgment (Dkt. No. 33) in part, such that only Plaintiff Hudson's false arrest claim as against the individually named

1

Defendants remained viable. Dkt. No. 41. The case proceeded to trial on December 10, 2009 to resolve that claim, resulting in a jury verdict on December 15, 2009 in favor of Defendants. Plaintiffs made an oral request for a mistrial; thereafter, on January 14, 2010, Plaintiffs filed a Motion seeking a new trial (Dkt. No. 78), which the Court now considers.

**II.   FACTS**

In July 2005, the Rotterdam Police Department ("RPD") conducted an investigation into the sale of illegal drugs out of a residence located at 2627 Van Dyke Avenue, Rotterdam, New York. See Am. Compl. ¶ 5. The RPD conducted surveillance of the property and, on three occasions, made controlled buys through confidential informants. Id. As a result of the investigation, the RPD obtained a search warrant authorizing the search of the property at 2627 Van Dyke Avenue. Id.; Dkt. No. 33, Attach. 2. At approximately 1:25 a.m. on July 29, 2005, the RPD executed the warrant. Am. Compl. ¶ 10. At the time, Plaintiffs were living in a truck-style camper in the driveway of 2627 Van Dyke Avenue. Am. Compl. ¶ 6. Through its Emergency Response Team, the RPD first breached the main residence at 2627 Van Dyke Avenue. Id. ¶ 10. Defendants Keough and Rumbaugh (along with another officer who is not a Defendant in this action) entered the residence and proceeded to the second floor, where they located John and Dina Franze, who were detained and escorted to police vehicles. See Keough Dep. at 9-10 (Dkt. No. 33, Attach. 11); Rumbaugh Dep. at 27 (Dkt. No. 33, Attach. 13).

The parties dispute the details and circumstances surrounding the events that followed. After the primary residence was cleared and the Franzes were taken into custody, certain members of the ERT were directed to secure the outlying buildings, including the camper located in the

driveway.  See Jackson Dep. at 88-89 (Dkt. No. 33, Attach. 10); Stone Dep. at 54-59 (Dkt. No. 33, Attach. 16).  Plaintiffs, who were inside the camper at the time, were directed to exit the camper.  See Am. Compl. ¶ 12. Plaintiff Berard exited the camper first and was taken into custody and arrested.  Id.  Plaintiff Hudson was also taken into custody and arrested.  Id. ¶ 14.  At some point while Defendants were attempting to remove Plaintiffs from the camper, an RPD officer sprayed the Plaintiffs' dog, a St. Bernard, with pepper spray.  Id. ¶¶ 12, 14.  Plaintiffs' camper was never searched.

Plaintiffs were transported to the RPD and administratively processed.  Plaintiff Berard was charged with Obstructing Governmental Administration and Resisting Arrest, and Plaintiff Hudson was charged with Obstructing Governmental Administration.  Am. Compl ¶¶ 13-14.  Arraignment occurred on the morning of July 29, 2005.  Id. ¶¶ 13, 14.  Plaintiff Hudson was released on her own recognizance.  Id. ¶ 14.  Plaintiff Berard was remanded to the Schenectady County Jail and then released.  See id. ¶ 14; Hudson Dep. at 28 (Dkt. No. 33, Attach. 4).  The RPD issued a press statement of the charges against each Plaintiff.  Id. ¶ 16. On motion of the Schenectady County District Attorney's Office, the Rotterdam Town Court dismissed the charges against Plaintiffs in furtherance of justice.  See id. ¶ 20.

Plaintiffs then commenced the instant action asserting claims of assault, battery, false arrest, false imprisonment, defamation, malicious prosecution, the intentional infliction of emotional distress, and violations of the rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.  Broadly, the basis for Plaintiffs' claims is the assertion that Defendants had no reason to believe that Plaintiffs were involved in the sale of narcotics, Defendants were informed prior to the search and arrest that Plaintiffs were not suspected of trafficking illegal drugs, the

3

camper was not within the scope of the warrant, and Defendants did not have probable cause to arrest. On this general basis, the single claim that reached trial and jury consideration asserted, pursuant to 42 U.S.C. §1983, the false arrest of Plaintiff Hudson in violation of her Fourth Amendment right to remain free from unreasonable seizure.

**III.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59 allows a court to, "on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). In evaluating a motion for a new trial pursuant to Rule 59, "a trial judge hearing a motion for a new trial 'is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner.'" Song v. Ives Laboratories, Inc., 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting Benevivo v. Saydjari, 574 F.2d 676, 684-85 (2d Cir. 1978). "[A] new trial may be granted even if there is substantial evidence to support the jury's verdict." Id. As a general matter, the decision to grant a new trial is committed to the discretion of the trial judge, and a "motion for a new trial should be granted when, in the opinion of the district court, 'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" Id. (quoting Smith v. Lightning Bolt Production, Inc., 861 F.2d 363, 370 (2d Cir. 1988)). The essential duty of a judge in reviewing a Rule 59 motion is to ensure that such a result or injustice does not occur. See Benevivo, 574 F.2d at 684 ("The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence . . . and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result."). Accordingly, sufficient grounds for granting a

new trial under Rule 59 may be broadly predicated on arguments demonstrating that a "trial was not fair to the party moving," or that there are "questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Aczel v. Labonia, No. 3:00-CV-01802, 2006 U.S. Dist LEXIS 68119, at *5 (D. Conn. Sept. 22, 2006) (quoting Charts v. Nationwide Mut. Ins. Co., 397 F. Supp. 2d 357, 374 (D. Conn. 2005)).

**VI.    DISCUSSION**

Plaintiffs argue that a new trial is necessary due to the presence of clear, reversible error within the instructions and verdict sheet received by the jury. See Dkt. No. 78-20, Memo. of Law. Specifically, they contend that the burden of proof as to the existence or non-existence of probable cause to arrest Plaintiff Hudson was incorrectly articulated at trial and that the jury's verdict rested on this legal error. Upon review of Plaintiffs' Motion, the Court concludes that controlling law on this issue indeed requires that a new trial be granted.

In the Second Circuit, a court "analyzing § 1983 claims for unconstitutional false arrest . . . look[s] to the law of the state in which the arrest occurred." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006) (quoting Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004)). "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted). The elements of a false imprisonment or false arrest claim in New York are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton

5

County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (quoting Broughton v. State, 37 N.Y.2d 451, 456 (1975)).  "Under New York law, a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification."  Weyant, 101 F.3d at 852 (citing Broughton, 37 N.Y.2d at 456).  The principle case of Broughton states that "[w]henever there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful."  Broughton, 37 N.Y.2d at 456.  Thus, in cases such as the instant one, New York places on the defendant the burden "of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence under a general denial.  Justification may be established by showing that the arrest was based on probable cause."  Id. (citations omitted).

     At trial, following disputes between the parties concerning jury instructions on this issue and a sustained period in which the jury expressed confusion with regard to burdens of proof or otherwise could not reach a verdict, the Court gave instructions and a verdict form which did not comply with the requirements of New York law.  The verdict form returned by the jury answered in the negative the question: "In her action for false arrest, do you find that Plaintiff has proven by a preponderance of the evidence that her arrest for obstruction of governmental administration second degree was without probable cause?"  Dkt. No. 75; see also Minute Entry for December 15, 2009 at 2:50, Dkt. No. 72 ("The judge will charge that the plaintiff has the burden of proof to prove that there wasn't probable cause to arrest her. Mr. Smith states that the defendant police have the burden on this issue.").

     The existence or non-existence of probable cause is, of course, central to a false arrest claim, as a matter of whether the arrest was legally justified.  Broughton, 37 N.Y.2d 456.  In this warrant-

less arrest case where probable cause is an affirmative defense, the placement of the burden of proof on Plaintiffs constitutes a substantial error which may well have produced or contributed to an erroneous result. The Court concludes, therefore, that a new trial is necessary under Rule 59. Plaintiffs' Motion is granted.

### V. CONCLUSION

Therefore, based on the foregoing, it is hereby

**ORDERED**, that Plaintiffs' Motion for a new trial (Dkt. No. 78) is **GRANTED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   June 11, 2010
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge